# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSE ANTONIO RODRIGUEZ TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:26-CV-00138-BCW |
| ) | |
| TODD M. LYONS, in his official capacity ) | |
| as Field Office Director of the Immigration ) | |
| and Customs Enforcement and Removal ) | |
| Operations Kansas City Field Office, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Antonio Rogriguez-Torres's "Petition for Writ of Habeas Corpus- Person in ICE Custody." (Doc. #1). The Court, being duly advised of the premises, in consideration the Petition (Doc. #1), "Response of the Federal Government Respondents to Court's Order to Show Cause" (Doc. #5), and Petitioner's Reply (Doc. #6), grants said petition for habeas corpus relief as follows.

## BACKGROUND

On February 19, 2026, Petitioner Jose Antonio Rodriguez-Torres, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging four claims, designated by Petitioner as follows: (I) "Denial of Custody Review and Bond Determination in Violation of 8 U.S.C. § 1226(a)"; (II) "Due Process Violation (Fifth Amendment)"; (III) "Ancillary Equitable Relief; (IV) "Irreparable Harm, Balance of Equities, and Public Interest." (Doc. #1).

As set forth in the petition, Petitioner is a citizen and national of Mexico who has continuously resided in the United States since March 2003. Petitioner is presently in ICE custody in Greene County Jail in Springfield, Missouri. (Doc. #1). Petitioner seeks a writ of habeas corpus

1

for immediate release from custody, as well as injunctive relief and a stay of removal or relocation proceedings pending resolution of his petition, and attorneys' fees, against the following Respondents: (1) Todd Lyons, in his official capacity as Field Office Director of the Immigration and Customs Enforcement and Removal Operations Kansas City Field Office, who has legal custody of Petitioner; (2) Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"); (3) Pam Bondi, Attorney General of the United States in her official capacity; and (4) Jim C. Arnott, the Sheriff of Greene County, Missouri, in his official capacity as the official who oversees the Greene County Jail where Petitioner is held. (Doc. #1).

Petitioner, DHS A[lien Registration]-Number 071-562-594, lives in Evanston, Illinois and has two children who are U.S. citizens. Petitioner is self-employed as a landscaper, has consistently filed taxes in the U.S. since 2004, and has no criminal history.

On October 29, 2025, Petitioner was performing work on a customer's front yard in Morton Grove, IL, when ICE agents seized him. The agents asked Petitioner if he had papers or spoke English and did not present a judicial or administrative warrant. Petitioner was transported to the ICE facility in Broadview, IL, and subsequently transferred to Greene County Jail. Since October 29, 2025, Petitioner has been continuously detained without a probable cause determination or bond hearing, or without a warrant or removal order, and further, the merits hearing on Petitioner's asylum application has yet to be held and adjudicated. (Doc. #1).

The Court directed Respondents to Show Cause why the relief requested in the petition should not be granted (Doc. #4), and Respondents timely responded (Doc. #5). Respondents identify the legal issues raised by Petitioner as follows: (1) whether Petitioner is detained under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a); (2) whether Petitioner is entitled to a bond hearing; and (3) whether Petitioner's due process rights have been violated. (Doc. #5). Respondents otherwise

assert their position that Petitioner is subject to mandatory detention under § 1225(b), since he was present in the United States without being admitted or paroled. Nonetheless, Respondents acknowledge the Court's previous ruling in a factually similar case, Escoto v. Arnott, No. 6:25-CV-3364-BCW, in which this Court determined the petitioner was detained under § 1226(a) and entitled to a bond hearing. (Doc. #5). Respondents state: "the federal government respondents acknowledge that this Court's decision in Escoto and other cases would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes [Petitioner's] detention." (Doc. #5 at 2). Finally, Respondents assert that if the Court grants the petition "on the 1225/1226 issue" the Court should decline to address Petitioner's argument that his detention violates his rights under the Due Process Clause. (Doc. #5) (citing INS v. Bagamasbad, 429 U.S. 24, 25 (1976)).

Based on Respondent's acknowledgement that Petitioner's case is factually indistinguishable from the facts presented in Escoto, and because Petitioner's reply does not otherwise dispute that the Court may properly resolve the petition based on "the 1225/1226 issue" without addressing Petitioner's arguments under the Due Process Clause, the Court resolves Petitioner's case in a manner consistent with the outcome in Escoto.

## LEGAL STANDARD

A person detained by the government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); 28 U.SC. § 2241. The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence." Freeman v. Pullen, 658 F. Supp. 3d 53,

3

58 (D. Conn. 2023) (quoting McDonald v. Feeley, 535 F. Supp. 3d. 1238, 1235 (W.D.N.Y. 2021) (cleaned up)).

**ANALYSIS**

The dispositive issue for Petitioner's habeas petition is whether his detention pending removal is discretionary pursuant to § 1226(a), such that he is entitled to a bond hearing, or whether his detention pending removal is mandatory pursuant to § 1225(b)(2)(A).

Petitioner argues his detention pending removal proceedings falls under § 236 of the INA, 8 U.S.C. § 1226.

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond of at least $1,500 with security approved by, and conditions prescribed by, the Attorney General; or (B) conditional parole; but (3) may not provide the alien with work authorization . . . unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). Petitioner asserts he is entitled to a bond hearing because he is detained pursuant to § 1226(a). (Doc. #1)

In opposition, Respondents assert Petitioner's detention pending removal falls under § 235 of the INA, 8 U.S.C. § 1225.

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a ["Removal proceedings"] of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents argue Petitioner's detention is mandatory and he is not entitled to a bond hearing because he is detained under § 1225(b)(2)(A). (Doc. #5).

The Court has previously concluded that it has jurisdiction to consider the arguments raised by Petitioner and that Respondents' interpretation of the statutes is not supported by the plain

4

language of the text, statutory construction, or legislative intent. See Escoto v. Arnott, No. 6:25-CV-03364-BCW, Doc. #6 (W.D. Mo. Dec. 17, 2025). The Court adopts its reasoning in the Escoto Order without reproducing it here.

In short, Petitioner is not subject to § 1225(b)(2)(A) mandatory detention pending removal proceedings. Rather, Petitioner's detention pending removal is pursuant to § 1226(a), under which he has the right to a bond hearing. Because this determination is a sufficient basis on which to grant Petitioner's petition for habeas relief under § 2241, the Court need not consider Petitioner's other arguments. Accordingly, it is hereby

ORDERED Petitioner Jose Antonio Rodriguez-Torres's Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. Petitioner is not subject to mandatory detention under § 1225 and is entitled to a bond hearing under § 1226. Respondents are ORDERED to either release Petitioner or grant him a bond hearing **within seven (7) calendar days of the date of this Order**. It is further

ORDERED Petitioner shall not be transferred outside of this District prior to compliance with this Order. It is further

ORDERED Petitioner's request for attorneys' fees is GRANTED. Within 10 days of the date of this Order, counsel shall file a separate and independent motion for attorneys' fees, accompanied by detailed billing records supporting a reasonable fee request for time reasonably expended in preparation of the habeas corpus petition.

IT IS SO ORDERED.

Date: February 27, 2026    /s/ Brian C. Wimes
                           BRIAN C. WIMES, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT